

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-11-2005

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2301

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Jones" (2005). *2005 Decisions.* Paper 1380.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1380

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2301

UNITED STATES OF AMERICA

v.

CLARENCE B. JONES,
a/k/a FRANKLIN D.R. JONES,

Clarence B. Jones,
Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 02-cr-00075)
District Judge:  Honorable Gustave Diamond

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2005

Before:  NYGAARD, McKEE and RENDELL, Circuit Judges.

(Filed April 11, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Clarence Jones was tried and convicted by a jury of three counts of mail fraud in

violation of 18 U.S.C. § 1341, by using the mail to defraud and obtain money and

property from the Department of Veterans Affairs, and two counts of making false, fictitious and fraudulent claims against the Social Security Administration, in violation of 18 U.S.C. § 287. Jones now appeals, contending that the District Court improperly denied evidence of his past mental illness, bearing on whether he had the requisite intent necessary for conviction of the offenses charged, thus violating his constitutional right to mount a defense. He also challenges the sentence imposed upon him.

## I. Factual and Procedural Background

As we write only for the parties, we include only such factual and procedural events as are necessary to our decision.

## A. Mail Fraud Involving the Department of Veterans Affairs

Jones is a Veteran of the United States military. In 1990, Jones sent an application for compensation to the Department of Veteran Affairs. This request was denied. He subsequently filed another application with the Department under his name, but with the service number of Luther Brown, another veteran who had died prior to Jones's application. Based on his falsified application, Jones was awarded disability benefits of $266 per month in 1991. In 1995, Jones sent to the Veterans Administration a declaration of status of dependents, falsely indicating that Jones was married on February 10, 1995. He submitted a fraudulent marriage certificate along with the application. In response to this, the Veterans Administration increased the amount of Jones's monthly award to $500.

2

In September 1995, the Veterans Administration received a second declaration of status of dependants along with two falsified baptismal certificates from Jones. Jones claimed to have fathered twins. In response, the Veterans Administration increased Jones's benefits to $698 per month. In April 1996, Jones again reported to the office that he had fathered more children – this time, quadruplets. His benefits were again increased. In March 1997, Jones filed yet a third declaration of status of dependants with the Veterans Administration, claiming the birth of another set of quadruplets. At this point, the Veterans Association launched an investigation into Jones's claims and found evidence that they were false.

B. Mail Fraud Involving the Social Security Administration

Jones was also convicted of making false claims under the supplemental security income program. Clarence Jones applied for and received benefits under the name and social security number of his brother, Franklin Jones, who was at the time incarcerated. Franklin Jones had never given his brother permission to use his Social Security number or date of birth or birth certificate in order to apply for benefits from any federal program and he was not aware that his brother was doing so.

Additionally, as a result of Clarences Jones's false claims regarding his years of military service, his Social Security payments were higher than they should have been. He received $5,000 more in Social Security income than he was legally entitled to.

The indictment against Clarence Jones contained five counts. Count One charged Jones with committing mail fraud in violation of 18 U.S.C. § 1341, by using the mail to defraud and obtain money and property from the Department of Veterans Affairs. Counts Two and Three charged Jones with mail fraud in violation of 18 U.S.C. § 1341, by using the mail to defraud and obtain money from the Social Security Administration. Counts Four and Five charged Jones with making false, fictitious and fraudulent claims against the Social Security Administration, in violation of 18 U.S.C. § 287.

Before trial, the government filed a Motion in Limine to exclude evidence of the defendant's mental health, which the District Court granted. The evidence excluded consisted of Clarence Jones's military records from 50 years earlier, which indicated that he was charged with impersonating an officer, discharged as "an Army-Psycho case" and described him as "schizophrenic" and insane. The defense argued that this evidence was relevant to Jones' claim that he did not possess the necessary mens rea to commit the charged crimes because he actually believed that he was who he had claimed to be. Jones now appeals the District Court's exclusion of this evidence. He further appeals the District Court's loss calculation in this case and the use of the federal sentencing guidelines to enhance his sentence.

## II. Jurisdiction

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal pursuant to 18 U.S.C. §§ 1291 and 3742.

## II. Discussion

The District Court excluded the evidence of mental illness, ruling that its prejudicial value outweighed its probative value under Fed. R. Evid. 403, it was not based on expert opinion, and was irrelevant. We agree. Because the discharge records were more than 50 years old, there was no relevance to the current situation. Nothing in the records contained any information about Jones's mental state when he perpetrated the crimes with which he was charged. Furthermore, Jones's discharge records do not indicate the credentials of those officials who designated him as "schizophrenic" or "an Army Psycho Case." "The defendant's right to present a defense... includes the right to the admission of competent, reliable, exculpatory evidence..." United States v. Pohlot, 827 F.2d 889, 900-01 (3d Cir. 1987). In this case, the evidence which Jones wished to introduce to negate the mens rea element of his alleged crimes did not meet this standard. Therefore, the District Court was correct to exclude the evidence and did not violate Jones's constitutional right to mount a defense in doing so.

Accordingly, we will affirm the District Court's judgment of conviction. Appellant, however, challenges his sentence under *United States v. Booker*, __ U.S. __, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). Having concluded that the sentencing issues Appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.